UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARMANE SMITH,

          Plaintiff,

  v.

JUDGE JOHN DONALD, et al.,

          Defendants.

Case No. 2:17-CV-00496-GCS
JUDGE GEORGE C. SMITH
Magistrate Judge Jolson

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff Charmane Smith, a Tennessee resident who is proceeding without the assistance of counsel, brings this action against Judge John Donald, Attorney Timothy L. Edington, Comenity Bank, and World Financial Network Bank. This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C . § 1915(a). Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims.

### I.    LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In

reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. BACKGROUND

Although unclear, Plaintiff seems to allege deficiencies related to a state-court proceeding in Tennessee. For instance, she alleges "legal malpractice by Judge John Donald," whose address, as alleged, is "General Sessions Court, 140 Adams Ave., Memphis, TN 38103." (Doc. 1-1, ¶ 4, p. 4). She additionally claims that Attorney Timothy Edington failed "to have the case removed from the docket as closed and settled in [her] favor." (*Id.*, p. 1). In addition, Plaintiff alleges claims related to her credit and seeks a variety of relief, including $280 million for "damage to Business Credit Rating." (*Id.*, ¶ 5). The Court is unsure whether the allegations regarding Plaintiff's credit relate to the proceeding before Judge Donald.

## III. DISCUSSION

The Court recommends dismissal on a number of grounds.

A. *Rooker-Feldman* Doctrine

First, to the extent Plaintiff challenges a judgment from a state court in Tennessee, the *Rooker-Feldman* doctrine bars such a claim. The United States District Court does not have jurisdiction to review state-court judgments—only the United States Supreme Court has that power. *See Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998). Further, under the *Rooker-Feldman* doctrine, a litigant cannot collaterally attack a state court judgment by filing a civil rights complaint. *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). On this basis, the Court recommends dismissal of the Complaint to the extent it is challenging any Tennessee state-court proceeding.

B. **Judicial Immunity**

In addition, absolute judicial immunity bars Plaintiff's claims against Judge Donald. "Judges are immune from liability for damages for acts committed within their judicial discretion." *Pierson v. Ray*, 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967). Because the actions alleged here were taken in Judge Donald's capacity as a judge—like allegedly "allowing Attorney Edington to misrepresent himself in court" (Doc. 1-1, p. 3)—absolute judicial immunity bars the claims against Judge Donald.

C. **Failure to State a Claim and Frivolousness (FCBA and FCRA Claims)**

Plaintiff cites to the Fair Credit Billing Act ("FCBA") two times and the Fair Credit Reporting Act ("FCRA") once. (Doc. 1-1, p. 2, ¶¶ 1, 2, 4). In their entirety, the allegations related to these statutes are:



1. I received NSF and Late Fees that were improperly imposed, were not due, or owed in violation of the Fair Credit Billing Act.

2. My interest rates and monthly payments were excessively increased, without just cause and unlawfully – in violation of the Fair Credit Billing Act.

3. My complaints about the unlawful fees and penalties were not resolved or received no response by phone or mail.

4. My credit card account was closed, causing damage to my personal & business credit rating – in violation of the Fair Credit Reporting Act.

The FCBA, 5 U.S.C. §§ 1666-1666i, and its implementing regulations (Regulation Z), 12 C.F.R. §§ 226.1 et seq., "set forth the procedures to be followed when a creditor receives notice from a consumer of an alleged billing error in the consumer's credit card account." *Burnstein v. Saks Fifth Ave. & Co.*, 208 F. Supp. 2d 765, 772 (E.D. Mich. 2002), *aff'd* 85 F. App'x 430 (6th Cir. 2003). Plaintiff does not identify the provisions of the FCBA that the Defendants allegedly violated, but the Court assumes that she is proceeding under § 1666, the provision of the FCBA addressing correction of billing errors.

Pursuant to 15 U.S.C. § 1666(a), an obligor has 60 days from the time she receives her bill to provide the creditor written notice of any disputed charges. In this notice of a billing error, the obligor "(1) sets forth or otherwise enables the creditor to identify the name and account number (if any) of the obligor, (2) indicates the obligor's belief that the statement

contains a billing error and the amount of such billing error, and (3) sets forth the reasons for the obligor's belief (to the extent applicable) that the statement contains a billing error." 15 U.S.C. § 1666(a)(1)-(3). The creditor must then, within 30 days after receipt of this notice, "send a written acknowledgment thereof to the obligor." *Id*. § 1666(a)(3)(A). Next, within two billing cycles or within 90 days (whichever is less), the creditor must either correct the billing error and inform the customer of the correction or provide written notice and explanation that, upon reasonable investigation, the creditor has determined that no billing error occurred. *See* 15 U.S.C. § 1666(a)(3)(B); 12 C.F.R. §§ 226.13(c)(2), (e), (f).

Plaintiff fails to allege that any of the Defendants are creditors within the meaning of the statute—a fatal deficiency in and of itself. But even assuming at least one of the Defendants is subject to liability under the statute, the Complaint does not state a viable FCBA claim. Plaintiff does not allege that she gave proper notice of a "billing error," triggering any obligations on behalf of the Defendants. *See* 15 U.S.C. § 1666(b). Instead, she asserts vaguely that "her complaints about the unlawful fees and penalties were not resolved or received no response by phone or mail." (Doc. 1-1, p. 2, ¶ 3). But notice matters greatly under the FCBA. As one court noted, "[s]urely, the statute's intent is not to give consumers the right to allege generalized, blanket disputes of their bills in an effort to delay or avoid payment." *Scott v. Macy's Inc.*, No. 1:14-CV-3141, 2015 U.S. Dist. LEXIS 15272, at *20 (E.D. Wash. Jan. 30, 2015). Instead, the statute requires written notification to the creditor identifying the obligor by name and account number and further mandates that such notice "to the extent possible, indicate[] the consumer's belief and the reasons for the belief that a billing error exists, and the type, date, and amount of the error." 12 C.F.R. § 226.13(b). Absent such a notice, none of the statutory duties are triggered. *See Conn-Burnstein v. Saks Fifth Ave. & Co.*, 85 F. App'x 430, 431 (6th Cir. 2003).

5

Plaintiff has alleged none of this, and Plaintiff's FCBA claim fails to meet the basic pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff's FCRA is even more threadbare, comprised of only one conclusory paragraph. (Doc. 1-1, p. 2, ¶ 4). There are multiple parts of the FCRA, and it is unclear under which part Plaintiff wants to sue. But at base, the FCRA prohibits a furnisher of financial information from reporting inaccurate information. *See generally* 15 U.S.C. § 1681, et seq. Giving Plaintiff every benefit of the doubt, she has not pled an FCRA claim.

In addition to failing to state a claim, the Court also finds the Complaint to be frivolous because of the damages it seeks. Seemingly for her alleged FCBA and FCRA claims, Plaintiff seeks compensation in the amount of $280 million for "compensation for damage to Business Credit Rating." (Doc. 1-1, ¶ 2). The Court finds this extraordinary request, without any support, to be frivolous and recommends dismissal on this additional basis.

### D. State-Law Claims

Plaintiff's remaining claims (like legal malpractice and breach of oral contract) arise under state law. The Court has no diversity jurisdiction over these claims because Plaintiff, a Tennessee resident, has sued other Tennesseans. When federal jurisdiction is based on diversity of citizenship, complete diversity must exist between all adverse parties. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267, 2 L. Ed. 435 (1806)).

Moreover, because Plaintiff's federal-question claims fail, *see supra*, the Court has no hook for supplemental jurisdiction. When all federal claims are dismissed before trial, state-law claims "generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009). Consequently, the Undersigned recommends dismissing the state-law claims. *See Mathis*

*v. Doctor's Hosp. (West)*, No. 2:12-cv-358, 2012 U.S. Dist. LEXIS 80190 *9–10 (S.D. Ohio June 11, 2012) (adopting recommendation not to exercise supplemental jurisdiction where federal claims failed).

## IV. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, having performed an initial screen and for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: June 16, 2017            /s/Kimberly A. Jolson
                               KIMBERLY A. JOLSON
                               UNITED STATES MAGISTRATE JUDGE